# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br>       Plaintiff, <br><br> vs. <br><br><br> HENRY WATKINS, <br><br>       Defendant. | Case No. 25-cr-18-LTS-MAR <br><br><br> **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

_____

## *I.     INTRODUCTION*

On February 26, 2025, the Grand Jury charged Defendant with one count of Distribution of a Controlled Substance in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A).  (Doc. 3.)

The matter before the Court is Defendant's Motion to Dismiss.  (Doc. 27.)  The Government timely filed a resistance.  (Doc. 31.)  The Honorable Leonard T. Strand, United States District Court Judge, referred the motion to me for a Report and Recommendation.  On June 4, 2026, I held a hearing on Defendant's Motion to Dismiss.  (Doc. 35.)  After the hearing, at the Court's invitation, the Government filed a Supplemental Brief.  (Doc. 37.)  For the following reasons, I respectfully recommend that the District Court **deny** Defendant's Motions to Dismiss without prejudice.

## *II.     DISCUSSION*

### *A.     Timeline of Events*

The Indictment against Defendant was returned on February 26, 2025.  On the same date, a warrant for Defendant's arrest was issued in the United States.[1]  (Doc. 4.)

---

[1] When the arrest warrant was issued on the returned indictment, Defendant was residing in the Philippines.

1

On February 28, 2025, United States DEA Special Agent Andrew M. Freytag, informed the Philippine Bureau of Immigration ("BI") that Defendant was a United States fugitive and subject to an arrest warrant issued on February 26, 2025. (Gov. Ex. 1.) On March 5, 2025, Philippine Special Prosecutor Homer R. Arellano charged Defendant for deportation because Defendant "violated the terms and conditions of his visa via being a fugitive from justice" and his "presence in the Philippines poses a risk to public interest." (*Id.*) On March 21, 2025, the Philippine BI Board of Commissioners entered a deportation order against Defendant. (*Id.*) Defendant was deported from the Philippines to the United States on December 15, 2025, and flown from the Philippines to San Francisco, California.

Upon arrival in San Francisco, on December 16, 2025, Defendant was arrested by DEA Special Agent Jacob Hoch pursuant to the February 26, 2025 arrest warrant. Also, on December 16, 2025, Defendant had his initial appearance in the United States District Court for the Northern District of California.[2] (Doc. 9.) At the initial appearance, the Government moved for detention. Defendant waived his right to a detention hearing and Defendant was detained and remanded into the custody of the United States Marshal Service. (*Id.*) Defendant was ordered to be transported to the Northern District of Iowa. (*Id.*)

Following his initial appearance in the Northern District of California, Defendant spent approximately 23 days in the San Francisco County Jail. On January 8, 2026, Defendant was moved to Mendota Prison in southern California. Approximately one month later, Defendant was moved to the Los Angeles County Jail. Next, Defendant

---

[2] Because Defendant was deported and not extradited from the Philippines and was arrested on the instant charge in San Francisco, pursuant to Federal Rule of Criminal Procedure 5(c)(2), Defendant's initial appearance had to be in the Northern District of California. Pursuant to Fed. R. Crim. P. 5(c)(3)(D), Defendant was properly ordered transferred to the Northern District of Iowa.

was moved to a jail in Grady County, Oklahoma. He was in the Oklahoma jail for approximately one month. (Doc. 27 at 2, ¶ 7.[3])

On March 13, 2026, Defendant had his initial appearance in the Northern District of Iowa. (Doc. 12.) Defendant waived a detention hearing, reserving his right to request one later. (*Id.*) A trial date was set for April 20, 2026. (*Id.*; Doc. 15.) On March 31, 2026, Defendant filed an unresisted Motion to Continue Trial which was granted with a new trial date of June 15, 2026. (Docs. 17, 19.) The Order granting the continuance stated, "the time from the date of the motion to the time of trial is excluded for purposes of the Speedy Trial Act." (Doc. 19.)

On May 20, 2026, Defendant filed the instant motion to dismiss. (Doc. 27.) On May 21, 2026, Defendant filed a second unresisted motion to continue trial. (Doc. 28.) The motion was granted, and trial is currently set for August 17, 2026. (Doc. 29.) The Order granting the second continuance stated, "the time from the date of the motion to the time of trial is excluded for purposes of the Speedy Trial Act." (*Id.*)

### B.      *The Parties' Arguments*

Defendant argues that under the Speedy Trial Act and the Sixth Amendment, "the entirety of the time frame from December 16, 2025 until March 16 [sic], 2026, was unreasonable." (Doc. 27-1 at 2.) Relying on the Sixth Amendment case, *Barker v. Wingo*, 407 U.S. 514 (1972), Defendant argues that the four-factor test outlined in *Barker* "clearly establishes that the Government's failure to bring [Defendant] to trial was unreasonable and his speedy trial rights were violated." (*Id.* at 3.) Defendant asserts that the first factor—length of delay—weighs in his favor because he "spent about 9 months in the Philippines and about three months in the United States before his arrival in the Northern District of Iowa and before his speedy trial clock began ticking." (*Id.*)

---

[3] The Government does not dispute the Defendant's timeline of events following his initial appearance in the Northern District of Iowa. *See* Doc. 37 at 3.

Defendant contends that the second factor—cause of the delay—also weighs in his factor because he is "not aware of why the Government failed for about one year to transport him to Iowa, but it was not the fault of Defendant." (*Id.*) Defendant maintains that the third factor—assertion of speedy trial rights—weighs in his favor because Defendant "has asserted his speedy trial right at every opportunity, including when his prior local counsel filed for a motion to continue, and through a third party when he was incarcerated in California." (*Id.*) Finally, Defendant argues that the fourth factor—prejudice to the defendant—also weighs in his favor because "there was already a delay of about 38 months from the date of the allegation until the date of the Indictment, all attributable to the Government" and since "the filing of the Indictment, there was more than a year delay," all demonstrating prejudice to Defendant. (*Id.*) Defendant concludes that the Barker factors "weigh in favor of Defendant's position that his 6th Amendment right to a speedy trial was violated." (*Id.* at 4.)

The Government argues that "only 18 non-excludable days have passed under the Speedy Trial Act, and the speedy trial clock is currently stopped until at least August 17, 2026."[4] (Doc. 31 at 7.) The Government also argues that "Defendant's Sixth Amendment right to speedy trial has not been violated." (*Id.*) Like Defendant, the Government applies the four-factor test outlined in *Barker* to the present situation. The Government asserts that the first factor weighs in its favor because the Eighth Circuit Court of Appeals "has permitted longer delays than the delay permitted here." (*Id.* at 9) (citing *United States v. Cooley*, 63 F.4th 1173 (8th Cir. 2023) (29 months); *United States*

---

[4] The Government calculates the speedy trial clock as follows: (1) Defendant first appeared on the pending charge in this Court on March 13, 2026; (2) on March 31, 2026, 18 days after the initial appearance in this Court, Defendant filed an unresisted motion to continue trial; (3) the motion was granted and the trial was continued to June 15, 2026; and (4) on May 21, 2026, while the speedy trial clock was stopped, Defendant filed a second motion to continue trial which was granted and the trial is currently scheduled for August 17, 2026, leaving only 18 non-excludable days from March 13, 2026 to March 31, 2026.

*v. Mallett*, 751 F.3d 907 (8th Cir. 2014) (17 months); *United States v. Summage*, 575 F.3d 864 (8th Cir. 2009) (32 months); *United States v. Aldaco*, 477 F.3d 1008 (8th Cir. 2007) (40 months); *United States v. Walker*, 92 F.3d 714 (8th Cir. 1996) (37 months); *United States v. Richards*, 707 F.2d 995 (8th Cir. 1983) (35 months)).  The Government maintains that the second factor also favors it because the "first nine months after the indictment was returned is attributable to defendant's deportation from a foreign county" and the "additional two months, approximately, before defendant filed the instant motion is attributed to defendant's first motion to continue trial." (*Id.*)  The Government notes that, "[w]hile it took approximately three months to transfer defendant from California to Iowa, defendant did not request a detention hearing at his initial appearance in the Northern District of California, thereby agreeing to be transported by the United States Marshals." (*Id.* at 9-10.)  Next, the Government concedes that the third factor "slightly favors defendant" because "[t]here is no dispute that defendant has asserted his right to a speedy trial; however, he has filed two motions to continue trial date, extending it from April 20, 2026, to August 17, 2026." (*Id.* at 10.)  Finally, the Government argues that the fourth factor favors it because Defendant "does not identify any actual impairment of his defense to the charge." (*Id.* at 10-11.)  The Government concludes that "the *Barker* factors heavily weigh in favor of the government and against defendant, and defendant's motion should be denied." (*Id.* at 11.)

C.    *Analysis*

1.    *Speedy Trial Act*

18 U.S.C. Section 3161(c)(1) provides in pertinent part that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

*Id.*; *see also United States v. Hunt*, 169 F.4th 766, 771 (8th Cir. 2026) ("Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of his indictment or first appearance, whichever is later.") (Quotation omitted)). The Speedy Trial Act also "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Hunt*, 169 F.4th at 771 (quoting *Zedner v. United States*, 547 U.S. 489, 497 (2006)). For example, "the Act excludes '[a]ny period of delay resulting from other proceedings concerning the defendant,' including 'delay resulting from any pretrial motion.'" *Id.* (alteration in original) (quoting 18 U.S.C. § 3161(h)(1), (h)(1)(D)); *see also United States v. Williams*, 557 F.3d 943, 951 (8th Cir. 2009) ("The statute is crystal clear: § 3161(h)(1)[(D)] excludes 'delay [resulting] from *any* pretrial motion. . . .'") (Emphasis in original). Also, 18 U.S.C. § 3161(h)(7)(A) provides in pertinent part that:

> Any period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.*

Here, Defendant made his initial appearance in this Court on March 13, 2026. On March 31, 2026, 18 days after the initial appearance, Defendant filed an unresisted motion to continue trial. The motion was granted, and the trial was continued to June 15, 2026. The Court determined that "the reasons advanced by Defendant for the continuance serve the ends of just and outweigh the interests of the public and Defendant's right to a speedy trial." (Doc. 19 at 2.) The Order also stated that "the time from the date of the motion to the time of trial is excluded for purposes of the Speedy Trial Act." (*Id.*) On May 21, 2026, while the speedy trial clock was stopped, Defendant filed a second motion to continue trial which was granted and the trial is currently scheduled for

6

August 17, 2026. (Doc. 29.) Again, the Court determined that "the reasons advanced by Defendant for the continuance serve the ends of just and outweigh the interests of the public and Defendant's right to a speedy trial" and "the time from the date of the motion to the time of trial is excluded for purposes of the Speedy Trial Act." (*Id.* at 2.) Thus, the only 18 non-excludable days are from March 13, 2026 to March 31, 2026. Therefore, I find that the Speedy Trial Act has not been violated. Accordingly, I recommend that the District Court deny Defendant's motion to the extent that Defendant is arguing that the Speedy Trial Act was violated.

### 2. Sixth Amendment

The Sixth Amendment provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.] . . ." U.S. Const. amend. VI. "Sixth Amendment challenges are reviewed separately from the Speedy Trial Act." *Hunt*, 169 F.4th at 771 (quoting *Aldaco*, 477 F.3d at 1018). Initially, courts must determine whether the delay between indictment and the defendant's motion to dismiss is presumptively prejudicial. *Summage*, 575 F.3d at 875 (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). If the delay is determined to be presumptively prejudicial, courts "proceed to analyze the four factors governing the Sixth Amendment's speedy trial protections under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)." *Id*. "A delay approaching one year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors." *United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir. 2008). In *Barker*, the United States Supreme Court identified the following four factors: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right; and (4) prejudice to the defendant. 407 U.S. at 530; *see also United States v. Flores-Lagonas*, 993 F.3d 550, 563 (8th Cir. 2021). "Generally, however, '[i]t would be unusual to find the Sixth

7

Amendment has been violated when the Speedy Trial Act has not.'" *Hunt*, 169 F.4th at 771 (quoting *Aldaco*, 477 F.3d at 1018-29).

Here, approximately 15 months passed between the filing of the Indictment (February 26, 2025) and the filing of the instant motion to dismiss (May 20, 2026). Thus, I will presume that the threshold for presumptively prejudicial delay requiring consideration of the *Barker* factors has been met. *See Jeanetta*, 533 F.3d at 656. Accordingly, I will consider and balance the four *Barker* factors.

The first *Barker* factor—length of delay—is neutral. While 15 months is a lengthy delay, the Eighth Circuit "under the Sixth Amendment, has permitted even longer delays." *Mallett*, 751 F.3d at 914. For example, in *Mallet* the length of delay was 17 months. *See id*. at 913; *see also Hunt*, 169 F.4th at 772 (finding a 25-month delay lengthy but "not extraordinary"); *Cooley*, 63 F.4th at 1178 (finding a 29-month delay to be "a lengthy but not extraordinary delay"); *Richards*, 707 F.2d at 997 (finding a 35-month delay not "to be so inordinately lengthy that it requires the severe remedy of an automatic dismissal").

The Second *Barker* factor—the reason for the delay—weighs in favor of the Government. The first nearly ten months after the filing of the Indictment is attributable to Defendant's presence in the Philippines and the Philippine deportation proceedings. While the length of the Philippine deportation process is not Defendant's fault, as argued by Defendant, *see* Doc. 27-1 at 3, the Philippine deportation process is also not the fault of the Government. The next 3 months was the time it took for Defendant to be transported from California to the Northern District of Iowa. This delay can be attributed to Defendant because he waived his right to a detention hearing, and by doing so implicitly consented to the United Marshal Service's transportation timeframe. The final 2 months are also attributable to Defendant, as he filed his first motion to continue to continue trial on March 31, 2026, initially extending the trial date to June 15, 2026, filing

8

the instant motion to dismiss on May 20, 2026 prior to the extended trial date. Additionally, "there is no evidence that the government intentionally caused any delay in order to gain a tactical advantage." *United States v. Walker*, 840 F.3d 477, 485 (8th Cir. 2016) (citing *United States v. McGhee*, 532 F.3d 733, 739 (8th Cir. 2008)).

The third factor—Defendant's assertion of his right—weighs slightly in Defendant's favor. The Government does not dispute that Defendant asserted his Sixth Amendment speedy trial right in his motion to dismiss. (Doc. 31 at 10.) However, Defendant's assertion of his right is tempered by the fact that he has filed two motions to continue the trial date, extending the trial date from April 20, 2026 to August 17, 2026.

The fourth factor—prejudice to Defendant—weighs in the Government's favor. Defendant does not explicitly identify any prejudice from the delay. In his brief, Defendant generically states:

> In this case, Defendant Watkins is prejudiced by this delay. Although the Indictment was filed and sealed on February 26, 2025, the alleged conduct occurred on December 21, 2021. With respect to evidence, available credible witnesses, and potential alibi witnesses, there was already a delay of about 38 months from the date of the allegation until the date of the Indictment, all attributable to the Government. Following the filing of the Indictment, there was more than a year delay. The prejudice to Defendant is demonstrable due to this delay.

(Doc. 27-1 at 3.) Defendant does not point to any specific evidence, available credible witnesses, or potential alibi witnesses that are not available due to the approximately 15-month delay. Defendant also does not explain with any specifics how he was prejudiced by the delay. Defendant simply contends that the delay itself without more has prejudiced him. By failing to clearly articulate what prejudice he suffered due to the delay, factor four cannot weigh in Defendant's favor. Indeed, Defendant has presented no evidence or argument that his defense has been impaired due to the delay. *See Hunt*, 169 F.4th at 772; *see also Jeknins-Watts*, 574 F.3d at 967 (finding "no indication that the passage of

9

time impaired her defense"); *Aldaco*, 477 F.3d at 1019 (finding that the prejudice factor does not weigh in favor of a defendant when he or she fails to make a showing of how his or her "defense was impaired by the lengthy delay").

Having considered and weighed the four *Barker* factors, I find that the balance favors the Government and conclude that Defendant's Sixth Amendment right to a speedy trial has not been violated. Accordingly, I recommend that Defendant's motion to dismiss be denied.

### III.    CONCLUSION

For the reasons set forth above, I respectfully recommend the District Court **deny** Defendant's Motion to Dismiss without prejudice.  (Doc. 27.)

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 17th day of July, 2026.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

10